IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

No. 22-2176

UNITED STATES OF AMERICA,
Plaintiff/Appellee,

vs.

KIMO JOHN LITTLE BIRD,
Defendant/Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

The Honorable Charles B. Kornmann, Presiding

---

INITIAL APPELLANT'S
CRIMINAL BRIEF

---

John S. Rusch
Attorney for Kimo John Little Bird
Rensch Law Office
832 St. Joseph Street
Rapid City, SD 57701
(605) 341-1210
(605) 341-0040 fax

1

## <u>SUMMARY AND REQUEST FOR ORAL ARGUMENT</u>

On March 10, 2020, a two-count Indictment was filed in U.S. District Court, Aberdeen, South Dakota, charging Little Bird with Count 1: Aggravated Sexual Abuse of a Child and Count 2: Felony Sex Offense Against a Minor While Required to Register as a Sex Offender. On October 13, 2020, a five-count Superseding Indictment was filed adding Count 3: Sexual Abuse of a Person Incapable of Consent, Count 4: Felony Sex Offense Against a Minor While Required to Register as a Sex Offender, and Count 5: Tampering with a Witness.

On November 16, 2021, Little Bird appeared before the Honorable Charles B. Kornmann, United States District Judge, for a Jury Trial. On November 18, 2021, Little Bird was convicted at Jury Trial of Count: 1: Aggravated Sexual Abuse of a Child, Count 2: Felony Sex Offense Against a Minor While Required to Register as a Sex Offender, and Count 5: Tampering with a Witness. On May 23, 2022, Little Bird was sentenced to Life on Count 1; 60 months on Count 5 concurrent to Count 1; and 120 months on Count 2 to run consecutive to Counts 1 and 5.

Little Bird believes that his case involves sufficiently distinct characteristics which warrant oral argument. Little Bird requests oral argument in this case and suggests that 20 minutes would be adequate.

Appellate Case: 22-2176     Page: 2     Date Filed: 08/17/2022 Entry ID: 5188496

# **TABLE OF CONTENTS**

**SUMMARY AND REQUEST FOR ORAL ARGUMENT**.................................................. 2

**TABLE OF CONTENTS** ...................................................................................... 3

**TABLE OF AUTHORITIES** ................................................................................ 4

**JURISDICTIONAL STATEMENT** ....................................................................... 6

**STATEMENT OF THE ISSUES** .......................................................................... 7

**STATEMENT OF THE CASE** ............................................................................. 7

**SUMMARY OF THE ARGUMENT** .................................................................. 11

**ARGUMENT** ................................................................................................... 13

**CONCLUSION** ................................................................................................ 26

**CERTIFICATE OF COMPLIANCE** ................................................................. 28

Appellate Case: 22-2176    Page: 3    Date Filed: 08/17/2022 Entry ID: 5188496

# TABLE OF AUTHORITIES.

## Cases:

Arthur Andersen LLP v. United States, 544 U.S. 696 (2005)........................... 6, 17

Gall v. United States, 552 U.S. 38, 128 S. Ct. 586 (2007)………………….....7, 22

Miller v Alabama, 567 U.S. 460, 132 S. Ct. 2455; 183 L. Ed. 2d 407 (2012)....7, 25

United States v. Benton, 890 F.3d 697, 708 (8th Cir. 2018)…………....…..6, 13, 19

United States v. Bernhardt, 903 F.3d 818 (8th Cir. 2018)……………………..6, 17

United States v. Boesen, 491 F.3d 852 (8th Cir. 2007)………………….....13, 19

United States v. Bridges, 569 F.3d 374 (8th Cir. 2009)………………………….23

United States v. Campbell, 764 F.3d 874 (8th Cir. 2014)…………………......23

United States v. Cook, 603 F.3d 434 (8th Cir. 2010)………………..…13, 18

United States v. Doss, 630 F.3d 1181 (9th Cir. 2011)…………………..…….14

United States v. Espinosa, 585 F.3d 418 (8th Cir. 2009)……………………7, 21

United States v. Feemster, 572 F.3d 455 (8th Cir. 2009)………………………22

United States v. Fool Bear, 903 F.3rd 704 (8th Cir. 2017)………………………7, 20

United States v. Ford, 705 F.3d 387, 389 (8th Cir. 2013)………………………...23

United States v. Frommelt, 971 F.3d 823 (8th Cir. 2020)……………………13, 19

United States v. Golding, 972 F.3d 1002 (8th Cir. 2020)……………………...13, 18

United States v. Hendrix, 719 F.3d 918, 920 (8th Cir. 2013)……………………..23

United States v. Hoffman, 707 F.3d 929 (8th Cir. 2013)………………………23

4

United States v. Jeffries, 615 F.3d 909, 910 (8th Cir. 2010)……………………23

United States v. King, 762 F.2d 232 (2d Cir. 1985)………………………………14

United States v. Kenyon, 481 F.3d 1054 (8th Cir.2007)…………………...7, 21

United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)…………………24

United States v. Plenty Arrows, 946 F.2d 62 (8th Cir 1991)…………………….20

United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014)……………………23

United States v. Robison, 759 F.3d 947 (8th Cir. 2014)……………………...7, 24

United States v. Sainz Navarrete, 955 F.3d 713 (8th Cir. 2020)……………13, 19

United States v. Scott, 732 F.3d 910, 918-19 (8th Cir. 2013)……………………23

United States v. Ziesman, 409 F.3d 941 (8th Cir. 2005)…………………………....25

**Statutes:**

18 U.S.C. § 1153……………………………………………………………6,19

18 U.S.C. § 1503………………………………………………………………...14

18 U.S.C. § 1512(b)…………………………………………………………14, 15

18 U.S.C. § 1512(b)(1)…………………………………………………………...6

18 U.S.C. § 1512(i)………………………………………………………………6

18 U.S.C. § 2241(c)………………………………………………….…6, 19

18 U.S.C. § 2246(2)…………………………………………………………6, 19

18 U.S.C. § 2260(A)……………………………………………………………6

18 U.S.C. § 3553(a)…………………………………………………………22, 23

5

28 U.S.C. § 1291…………………………………………………………………..6

Fed.R.App.P. 4(b)…………………………………………………………………6

## JURISDICTIONAL STATEMENT

Jurisdiction in the district court was proper based on the fact that Little Bird was charged with offenses involving the violation of the laws of the United States of America under 18 USC §§ 1153; 2241(c); 2246(2); 2260(A); 1512(b)(1) and 1512(i) which were alleged to have occurred in South Dakota. On November 16, 2021, Little Bird had a jury trial in the United States District Court for South Dakota, Northern Division, wherein he was found guilty on Counts 1, 2 and 5. On May 23, 2022, Little Bird was sentenced by the Honorable Charles B. Kornmann to life imprisonment on Count 1;10 years consecutive on Count 2; and 60 months on Count 5 to run concurrent to Count 1. On June 3, 2022, Little Bird timely filed his Notice of Appeal challenging his conviction and sentence. This Court's jurisdiction is based on 28 U.S.C. § 1291 which provides for jurisdiction over a final judgment issued by a district court. Fed.R.App.P. 4(b). Throughout the course of this brief, references in the two volumes of the Jury Trial transcript will be cited as "(JT)" followed by the appropriate page number.

Appellate Case: 22-2176     Page: 6     Date Filed: 08/17/2022 Entry ID: 5188496

## STATEMENT OF THE ISSUES PRESENTED FOR REVIEW

A.     WHETHER THE DISTRICT COURT ERRED IN DENYING LITTLE BIRD'S MOTION FOR JUDGMENT OF ACQUITTAL REGARDING COUNT 5 - WITNESS TAMPERING.

Arthur Andersen LLP v. United States, 544 U.S. 696 (2005)

United States v. Bernhardt, 903 F.3d 818 (8th Cir. 2018)

United States v. Benton, 890 F.3d 697 (8th Cir. 2018)

B.     WHETHER THE DISTRICT COURT ERRED IN DENYING LITTLE BIRD'S MOTION FOR JUDGMENT OF ACTUITTAL ON COUNT 1 - AGGRIVATED SEXUAL ABUSE.

U.S. v. Espinosa, 585 F.3d 418 (8th Cir. 2009)

United States v. Kenyon, 481 F.3d 1054 (8th Cir. 2007)

United States v. Fool Bear, 903 F.3rd 704 (8th Cir. 2017)

C. WHETHER THE DISTRICT COURT'S LIFE SENTENCE ON COUNT 1 WAS EXCESSIVE AND VIOLATED THE 8TH AMENDMENT'S PROHBIBITION OF CRUEL AND UNUSUAL PUNISHMENT.

Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007)

Miller v Alabama, 567 U.S. 460, 132 S. Ct. 2455; 183 L. Ed. 2d 407 (2012)

United States v. Robison, 759 F.3d 947 (8th Cir. 2014)

## STATEMENT OF THE CASE

On June 3, 2016, Little Bird was paroled to live with his mother Priscilla

Greenleaf in Little Eagle, South Dakota. (JT 74). Little Bird was being supervised

by U.S. Probation Officer Savannah Peterson who approved of the placement with

7

Priscilla Greenleaf. (JT 76). Ms. Peterson was familiar with Little Bird as the two had resided in the same town and went to the same school when Little Bird was a child and Ms. Peterson's mother, who worked for DSS, worked with Little Bird when he was removed from his parents' home for neglect. (JT 82).

Sometime around the third week of June, 2016, Little Bird began having problems with his brother Gary Little Bird and the lack of space in the home and went to live with his brother Nate Little Bird. (JT 102, 104). On July 25, 2016, Ms. Peterson received a telephone call from Priscilla Greenleaf indicating that she believed her female relative S.I.R. had been touched by Little Bird. (JT 103). When interviewed, S.I.R. could not provide a date or even a month for when this touching was alleged to have occurred. (JT 103). BIA Officer Raymond Webb was dispatched to Priscilla Greenleaf's residence to interview S.I.R. (JT 78).

Officer Webb spoke to S.I.R., and she again stated she did not know the exact time and date when the incident occurred. (JT 103). S.I.R. indicated to Officer Webb that she was watching television on the living room floor when Little Bird, who was on a futon, grabbed her arm and pulled her to him. (JT 102). She stated Little Bird began tickling her stomach then started touching her "privates." (JT 102). Officer Webb asked S.I.R. if the defendant touched her privates from inside of her underwear or outside, and she paused for a moment and looked down and stated "outside." (JT 101).

8

Nearly a year later, on June 5, 2017, a forensic interview of S.I.R. was completed at the Dakota Children's Advocacy Center in Bismarck, ND. (JT 189-190). At trial S.I.R. testified that at some time that she could not remember, she was falling asleep on the floor while she watched a scary show, and her female relative was sleeping across the room on an air mattress. (JT 112). S.I.R. testified that Little Bird was sleeping on a futon. (JT 115). At some point, Little Bird dragged her by her arm over to the futon and reached down and rubbed her belly slowly. (JT 118-20). S.I.R. testified Little Bird then put his hand down her underwear and touched her privates on the outside skin. (JT 123). S.I.R. testified that Little Bird touched her privates on the outside skin by making a cupping motion with her hand and there was no penetration. (JT 123). S.I.R. indicated it stopped when the defendant saw she was awake. (JT 127). She stated she slapped Little Bird's hand and rolled over and went to sleep. (JT 128).

Little Bird was then arrested and was detained at the Faulk County Jail in Faulkton, South Dakota awaiting trial. (JT 172). Little Bird had regular contact with his mother Priscilla Greenleaf, and his sister, Brianne Little Bird by telephone. Brianne is a female relative to S.S.W. and S.I.R. (JT 175). During one of these conversations, in June of 2021, Little Bird was advised by his mother that S.I.R. had recanted her allegations against him. (JT 178). Little Bird discussed this with his attorney who advised that law enforcement needed to be contacted for

9

further interviewing. (JT 180). There were numerous discussions held between Little Bird and his mother in which Priscilla Greenleaf falsely told her son that she and S.I.R. were speaking to law enforcement about the "false" allegations. (JT 183). At one of the interviews of S.I.R., another female relative named S.S.W. reported that she too had been touched by Little Bird in 2012. (JT 183).

S.S.W. was subsequently interviewed by law enforcement wherein she incident that Little Bird had touched her in 2012 while she was sleeping. (JT 227).

On October 13, 2021, a five-count Superseding Indictment was filed in U.S. District Court, Aberdeen, adding the following charges: Count 3: Sexual Abuse of a Person Incapable of Consent, Count 4: Felony Sex Offense Against a Minor While Required to Register as a Sex Offender, and Count 5: Tampering with a Witness. Counts 3 and 4 related to the allegations made by S.S.W. following her interview. (R. Doc. 37).

On October 18, 2021, Little Bird's attorney, Jana Miner moved to withdraw from representing Little Bird out of concern that she could be called to testify regarding the witness tampering charge. (R. Doc. 38). On October 22, 2021, the undersigned was appointed to represent Little Bird in the jury trial that had been set for November 16, 2021. (R. Doc 44). The undersigned immediately began working on the case but did not receive discovery until November 10, 2021. There were discussions held between the parties about continuing the trial, but there were

10

no additional Court dates available as the judge spent winters in Florida and there were no trial dates available. Little Bird was given the option of proceeding to trial or having the trial continued until spring or referred to another judge. (JT 337). In conversations between the undersigned and Little Bird, the decision was made to proceed to trial on November 16, 2021.

On November 16, 2021, Little Bird appeared before the Honorable Charles B. Kornmann, United States District Judge, for a jury trial. On November 18, 2021, Little Bird was convicted of Count: 1: Aggravated Sexual Abuse of a Child, Count 2: Felony Sex Offense Against a Minor While Required to Register as a Sex Offender, and Count 5: Tampering with a Witness. On May 23, 2022, Little Bird was sentenced to Life on Count 1; 60 months on Count 5 concurrent to Count 1; and 120 months on Count 2 to run consecutive to Counts 1 and 5. (R. Doc 82).

On June 3, 2022, Mr. Little Bird filed his notice of appeal challenging his conviction and sentence in this matter. (R. Doc 108).

## SUMMARY OF THE ARGUMENT

A.    Little Bird argues that the district court erred in denying his Motion for Judgment of Acquittal as no reasonable jury could have found that he corruptly persuaded Patricia Greenleaf as Little Bird was simply responding to false reports of victim recantation that Patricia Greenleaf was relaying to him. Little Birds actions in seeking to have the witnesses in the case speak to law enforcement and

11

to his attorney regarding these "recantations" did not evidence an improper purpose and there was no evidence presented of any improper purpose on Little Bird's part.

B.     The district court erred in failing to grant Little Bird's Motion for Judgment of Acquittal as there was no evidence from which the jury could conclude as to when the alleged sexual assault of S.I.R. occurred in Count I as S.I.R. herself was unable to provide law enforcement with a date or month of the incident. In speaking with BIA Officer Webb, he concluded that S.I.R. did not comprehend what sexual assault was, nor could she provide any information as to when the assault was alleged to have occurred. Each succeeding witness at trial simply referred to the date that the incident was reported and none of the witnesses had any first hand knowledge that would have overcome the S.I.R.'s lack of knowledge on the date of this incident that would support the jury's finding that this assault occurred prior to S.I.R.'s 12th birthday. Additionally, the statute required a "sexual act" to have occurred which requires some form of penetration which did not happen in this case. S.I.R. first told law enforcement that the touching was on the outside of her clothing and then at trial testified that there was no penetration and thus no jury could have found him guilty of committing a sexual act required for Count I.

C.     The district court's sentence of life in prison was excessive under the

12

8th Amendment of the United States Constitution as Little Bird's alleged conduct in this case was brief, did not include penetration, violence or threats of violence. Despite this, Little Bird was sentenced to the maximum sentence in the case which exceeded what was needed to serve the penological issues involved in this case.

## ARGUMENT

**A.  THE DISTRICT COURT ERRED IN DENYING LITTLE BIRD'S MOTION FOR JUDGMENT OF ACQUITTAL REGARDING THE CHARGE OF TAMPERING WITH A WITNESS.**

   1.   Standard of Review.

This Court should review de novo the denial of a motion for judgment of acquittal." United States v. Golding, 972 F.3d 1002, 1005 (8th Cir. 2020) (quoting United States v. Cook, 603 F.3d 434, 437 (8th Cir. 2010)). The Court should apply the same standard of review to the district court's ruling on a motion for judgment of acquittal as it does to a sufficiency of the evidence challenge. Id. The Court should view the entire record in the light most favorable to the government, resolving all evidentiary conflicts accordingly, and accepting all reasonable inferences that support the jury's verdict. United States v. Benton, 890 F.3d 697, 708 (8th Cir. 2018) (quoting United States v. Boesen, 491 F.3d 852, 856 (8th Cir. 2007)). The Court should affirm the conviction only if after taking all facts in the light most favorable to the verdict, a reasonable juror could have found the

13

defendant guilty of the charged conduct beyond a reasonable doubt. United States v. Frommelt, 971 F.3d 823, 827 (8th Cir. 2020) (quoting United States v. Sainz Navarrete, 955 F.3d 713, 718 (8th Cir. 2020)).

    2.   Argument.

Little Bird argues that the district court erred in failing to grant his Motion for Acquittal as there was no evidence from which the jury could find that Little Bird "corruptly persuaded" any witnesses in this case. The federal witness tampering statute is codified at 18 U.S.C. § 1512(b) and was enacted to punishes those who attempt to persuade a witness in order to hinder an investigation. In so doing, the statute focuses upon the purpose of the persuader. If that purpose is improper, i.e., corrupt, the statute is violated. The statute's aim is to expound upon the goal of its sister statute, 18 U.S.C. § 1503 ("general obstruction statute"), in that it seeks to protect the free flow of communication in order to ensure justice.

The "corruptly persuades" language in the witness tampering statute was added in order to afford witnesses with heightened protection than that afforded to them under the general obstruction statute. Originally enacted in 1982, the witness-tampering statute's purpose was to provide additional protection to witnesses to protect them from being discouraged to testify or provide information to law enforcement. United States v. Doss, 630 F.3d 1181, 1186 (9th Cir. 2011). To the chagrin of Congress, the courts did not interpret the pre-amended version of the

statute as punishing non-coercive attempts to persuade a witness to give false information. See <u>United States v. King</u>, 762 F.2d 232, 238 (2d Cir. 1985). To rectify this faulty interpretation, Congress amended the statute in 1988, adding the language "corruptly persuades" in order to criminalize no coercive attempts to persuade a witness not to testify or to testify falsely. <u>Doss</u>, 630 F.3d at 1187.

The statute now provides under 18 U.S.C. § 1512(b):

(b) Whoever knowingly uses intimidation, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to—

(1.)     influence, delay, or prevent the testimony of any person in an official proceeding;

(2.)     cause or induce any person to—

(A)     withhold testimony, or withhold a record, document, or other object, from an official proceeding;

(B)     alter, destroy, mutilate, or conceal an object with intent to impair the object's integrity or availability for use in an official proceeding;

(C)     evade legal process summoning that person to appear as a witness, or to produce a record, document, or other object, in an official proceeding; or

(D)     be absent from an official proceeding to which such person has

15

been summoned by legal process; or

> (3)    hinder, delay, or prevent the communication to a law enforcement officer or judge of the United States of information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation shall be fined under this title or imprisoned not more than 20 years, or both.

It is important to note that the witness tampering charge at issue in this trial arose only after Little Bird began efforts to have S.I.R. contact law enforcement and advise them of a recantation that Little Bird had been told of by his mother Pricilla Green Leaf but which was not in fact true. For some reason unknown to everyone in the case, Pricilla Grenleaf had decided in June of 2021, to begin telling Little Bird that S.I.R. had recanted her statement. (JT 191-2).

When Little Bird first learned of this false recantation, he contacted his attorney to figure out how to handle this situation. (JT 191). Little Bird's attorney advised that if there was in fact a recantation, law enforcement needed to be contacted. (JT 191). The phone call exhibits presented at trial were these phone calls in which Little Bird is asking his mother about the status of these interviews with police. (JT 187, 191).

Several weeks later after these discussions were being held with his mother, Little Bird had additional phone calls with his mother and his sister seeking their

Appellate Case: 22-2176    Page: 16    Date Filed: 08/17/2022    Entry ID: 5188496

help in helping him to get money from the Standing Rock Sioux Tribe that was available after presenting proof of vaccination for Covid 19. (JT 181). What is important to note however; is that even before there was any discussion of helping them out financially, Little Bird was given the information of the alleged recantations and thus the financial assistance he was offering could not have "corruptly persuaded" S.I.R. who had already provided Little Bird with information of his innocence and he wasn't seeking to change that recantation. (JT 180, 191).

In Little Bird's mind, he was simply seeking to provide to law enforcement information of his innocence that had already been disclosed. As noted by the United States Supreme Court in <u>Arthur Andersen LLP v. United States</u>, 544 U.S. 696, 705 (2005), "[c]orrupt" and "corruptly" "are normally associated with wrongful, immoral, depraved, or evil." The Court settled on a definition of "corruptly persuade" which noted, "[o]nly persons conscious of wrongdoing can be said to 'knowingly . . . corruptly persuad[el." <u>Id.</u> at 703.

This Court and the other circuits have wrestled with the definition of "corruptly persuade" and the 8th Circuit has settled on a definition that requires consciousness of wrongdoing. See <u>United States v. Bernhardt</u>, 903 F.3d 818 (8th Cir. 2018). In <u>Bernhardt</u>, this Court required not merely an "improper purpose," but a "consciousness of wrongdoing," <u>Id.</u> at 823.

There simply isn't any evidence in the record that Little Bird had any consciousness of wrongdoing in his actions of having the recantation provided to law enforcement through the assistance of his attorney. (JT 386). All of Little Bird's actions were at the directions of his attorney and were based upon her advice which he was following exactly as she had told him. (JT 191). The government argues that this coincided with Little Bird's offer of part of his Covid check, but Little Bird's action were not different that other inmates who also made deals with family members to get assistance in obtaining their Covid checks. The jail phone calls presented at trial noted that Little Bird's motivation was to get money on his jail books for phone calls and commissary and that the individuals that he was offering money to had spent a substantial amount of money in the past providing him with commissary and phone calls.

Additionally, S.I.R. was never offered any part of this money.

There simply was not evidence presented at trial which would have supported a finding of consciousness or wrongdoing on the part of Little Bird. As such, the Court should have granted his Motion for Judgment of Acquittal.

**B. THE DISTRICT COURT ERRED IN DENYING LITTLE BIRD'S MOTION FOR JUDGMENT OF ACTUITTAL ON THE CHARGE OF AGGRIVATED SEXUAL ABUSE IN COUNT I.**

1. Standard of Review.

This Court should review de novo the denial of a motion for judgment of

18

acquittal." United States v. Golding, 972 F.3d 1002, 1005 (8th Cir. 2020) (quoting United States v. Cook, 603 F.3d 434, 437 (8th Cir. 2010)). The Court should apply the same standard of review to the district court's ruling on a motion for judgment of acquittal as we do to a sufficiency of the evidence challenge." Id. The Court should view the entire record in the light most favorable to the government, resolving all evidentiary conflicts accordingly, and accepting all reasonable inferences that support the jury's verdict. United States v. Benton, 890 F.3d 697, 708 (8th Cir. 2018) (quoting United States v. Boesen, 491 F.3d 852, 856 (8th Cir. 2007)). The Court should affirm the conviction if after taking all facts in the light most favorable to the verdict, a reasonable juror could have found the defendant guilty of the charged conduct beyond a reasonable doubt. United States v. Frommelt, 971 F.3d 823, 827 (8th Cir. 2020) (quoting United States v. Sainz Navarrete, 955 F.3d 713, 718 (8th Cir. 2020)).

2.     Argument.

The Superseding Indictment in this case, charged Little Bird with:

Count I

On or about between the 3rd day of June, 2016, and the 24th day of July, 2016, at Little Eagle, in Corson County, in Indian country, in the District of South Dakota, the defendant, Kimo John Little Bird, Sr., an Indian, did knowingly engage in, and attempt to engage in, a sexual act with S.I.R., a child who had not

19

attained the age of 12 years, in violation of 18 U.S.C. § 1153, 2241(c), and 2246(2).

There are two parts to this charge that are related to the need for the jury to have a specific date that the crime occurred. First, the charge requires that S.I.R. be under the age of 12 and secondly, the charge requires that it occur between June 3rd, 2016 and July 24, 2016. S.I.R. could not tell Officer Raymond Webb a date and time when this alleged assault occurred when it was first reported on July 25, 2016. (JT 100). Officer Webb reported that S.I.R. did not appear to comprehend what she was reporting and indicated that Little Bird had touched her outside of her clothing. (JT 101). S.I.R. indicated that she did not recall the "date or month" that these events were alleged to have occurred. (JT 112). S.I.R. was asked repeatedly if she could recall when these events were alleged to have occurred which she did not have any independent recollection of. (JT 130-131). S.I.R. was asked if she could relate it to a summer in which she later went to live at the Dakota Access Pipeline Camp and she wasn't able to remember if it was in the same summer. (JT 134). S.I.R's mother says she learned of the allegations in the winter but couldn't state a year. (JT 206).

The conviction cannot be sustained as there was not testimony regarding any penetration required for a "sexual act" under the statute. See United States v. Fool Bear, 903 F.3rd 704, 708 (8th Cir. 2017); United States v. Plenty Arrows, 946 F.2d

20

62 (8th Cir 1991). Here the testimony of Officer Raymond Webb was that S.I.R. had testified that the touching was on the outside of the clothing. (JT 101). At trial S.I.R. testified that the touching was on the outside of her "private parts" and that there was no penetration. (JT 128, 154). The testimony was that as soon as S.I.R. stopped Little Bird's touching, the encounter was over. (JT 128-9). There simply was no evidence ever presented at trial which would support a finding that there was a "sexual act" required under the statute.

This Court cannot sustain a conviction based on mere suspicion or the possibility of guilt. United States v. Kenyon, 481 F.3d 1054, 1068 (8th Cir.2007) (holding that the evidence was insufficient to support conviction on one of two counts alleging aggravated sexual abuse of a child on basis of contact between defendant's penis and victim's mouth, as victim's testimony that such contact occurred "twice maybe" was immediately followed by her statement that she did not know whether it happened once or twice, and there was no independent evidence of such encounters). Similarly here, S.I.R. simply had no independent recollection of the time period that these events were alleged to have occurred and the efforts of the Government in trying to tie them to other extrinsic events did not overcome this lack of knowledge as to the dates. United States v. Espinosa, 585 F.3d 418, 426 (8th Cir. 2009)

The female relative of the minor witness was Priscilla Greenleaf, who did

21

not have any first-hand knowledge of the incident and only could relate what S.I.R. had said to Officer Webb which did not include a specific time of the incident. (JT 77). The Court Services officer Savannah Peterson's knowledge of the incident came only from the phone call that she received from Pricilla Greenleaf who relayed what S.I.R. had told Raymond Webb. (JT 77-78).

For this reason, no jury could find that the incident alleged for Counts I occurred between June 3, 2016 and July 25, 2016 or that penetration which is required for a sexual act occurred and the district court should have granted Little Bird's Motion for Judgement of Acquittal.

## C. THE SENTENCE IMPOSED BY THE DISTRICT COURT IS EXCESSIVE AND VIOLATES THE 8TH AMENDMENT'S PROHIBITION OF CRUEL AND UNUSUAL PUNISHMENT.

1. Standard of Review.

A federal criminal sentence is subject to direct appellate review for both procedural error and substantive reasonableness. Gall v. United States, 552 U.S. 38, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007); United States v. Feemster, 572 F.3d 455, 461 (8th Cir. 2009) (en banc). Procedural errors include, inter alia, errors in the calculation of the advisory guideline range, failing to duly consider and apply the statutory sentencing factors of 18 U.S.C. § 3553(a), giving weight to clearly erroneous facts, and failing to adequately explain the choice of sentence. Id. A defendant must timely object in the district court in order to preserve any

22

procedural sentencing error for review; otherwise, review is limited to plain error for mere failure to object, and review is extinguished altogether for a party who affirmatively invites or accepts the alleged procedural error. United States v. Campbell, 764 F.3d 874, 878 (8th Cir. 2014); United States v. Hoffman, 707 F.3d 929, 935 (8th Cir. 2013); see also United States circuit will not review a claim that district court failed to adequately explain sentence). Here, defendant did not assert any procedural error in the district court.

The substantive reasonableness of a sentence is reviewed in light of the various sentencing considerations embedded in 18 U.S.C. § 3553(a). United States v. Ford, 705 F.3d 387, 389 (8th Cir. 2013); United States v. Jeffries, 615 F.3d 909, 910 (8th Cir. 2010). The district court, however, "has wide latitude to weigh the § 3553(a) factors in each case and assign some factors greater weight than others in determining an appropriate sentence." United States v. Bridges, 569 F.3d 374, 379 (8th Cir. 2009). A sentence thus is not unreasonable merely because this court would have weighed the factors differently and imposed a different sentence. United States v. Scott, 732 F.3d 910, 918-19 (8th Cir. 2013); see also United States v. Hendrix, 719 F.3d 918, 920 (8th Cir. 2013) (per curiam). Accordingly, review of a sentence for substantive reasonableness is "highly deferential" and conducted only for abuse of discretion. United States v. Roberts, 747 F.3d 990, 992 (8th Cir. 2014). "A district court abuses its discretion and imposes an unreasonable sentence

23

when it fails to consider a relevant and significant factor, gives significant weight to an irrelevant or improper factor, or considers the appropriate factors but commits a clear error of judgment in weighing those factors." United States v. Robison, 759 F.3d 947, 950-51 (8th Cir. 2014) (quoting United States v. Kreitinger, 576 F.3d 500, 503 (8th Cir. 2009)).

2. Argument.

Count I, the Aggravated Sexual Abuse count had a mandatory 30-year minimum sentence requirement and Count II, the Felony Sexual Offense against a Minor while Required to Register as a Sex Offender count, had a 10-year mandatory minimum sentence that was consecutive to Count 1. Count V, the witness tampering count, had no mandatory minimum and a maximum sentence of 20 year. Little Bird's guideline range was determined to be 360 months to life. The District Court sentenced Little Bird to life on Count 1 which Little Bird argues is excessive under the facts of this case.

Little Bird argues that the conduct in this case was of one touching of S.I.R for a short period of time in which no penetration happened and which involved no physical restraint and no threat or use of force. Little Bird argues that looking at the conduct compared to other similar cases, would justify a sentence at the low end of the guidelines which in this case would be no less than a 40 years sentence given the mandatory minimums. This would result in Little Bird being around 74

24

years of age at the time that he would qualify for release. Contrary to this, the district court sentenced Little Bird to life on Count 1 which is the highest sentence allowable for that crime. Little Bird argues that this was excessive and went beyond what is necessary to achieve the legitimate penological goals of punishment, such as retribution, deterrence, and incapacitation. Miller v Alabama, 567 U.S. 460, 469; 132 S. Ct. 2455; 183 L. Ed. 2d 407 (2012).

Little Bird was given an enhancement on his Pre-Sentence Report for Obstruction of Justice for testifying at trial that he did not have sexual contact with S.I.R. Little Bird objected to this enhancement because it implies provides for a strong discouragement of individuals from exercising their constitutional right to a trial by jury and they receive an enhancement for exercising such right and choosing to testify. (R. Doc 105). Additionally, just because the jury found that some of the elements 3 of the 5 crimes charged were met, doesn't mean that Little Bird was lying while testifying or obstructing justice. This enhancement sets a dangerous precedent whereby the undersign counsel has to explain to criminal defendant's that they will in fact be punished for proceeding to trial as in nearly all cases, this enhancement is added if they testify at trial and don't win. This is a dangerous enhancement which goes against the fundamental principles of our criminal justice system.   In determining whether such an enhancement should apply, the district court must review the evidence and find, by a preponderance of

25

the evidence, the defendant gave "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." <u>United States v. Ziesman</u>, 409 F.3d 941, 956 (8th Cir. 2005). In this case, there was no evidence supporting that Little Bird had contradicted previous statements or willfully provided false testimony.

For the reasons stated above, Little Bird asks that the Court find that his sentence in this matter was excessive.

## <u>CONCLUSION</u>

For the reasons and arguments presented above, Defendant Little Bird requests that the Court find that the district court should have granted his Motions for Judgment of Acquittal on Counts 1 and 5 and find that the district court's sentence was excessive and in violation of the 8th Amendment of the United States Constitution.

Respectfully submitted this 15th day of August, 2022.

RENSCH LAW
A Professional Law Corporation


 /s/ John S. Rusch
John S. Rusch
Attorney for Appellant
832 St. Joseph Street

26

Rapid City, SD 57701
(605) 341-1210 phone
(605) 341-0040 fax

Appellate Case: 22-2176    Page: 27    Date Filed: 08/17/2022 Entry ID: 5188496

## <u>CERTIFICATE OF COMPLIANCE</u>

I, John S Rusch, the undersigned attorney for Kimo John Little Bird, hereby certify that this brief was prepared using Windows Office Professional using Times New Roman Font Face in Font Size 14. The word processor used to prepare this brief indicates that there are a total of 5800 words in the body of the brief. I further certify I have checked this document for viruses which our system is capable of detecting.

Dated this 15th day of August, 2022.


 /s/ John S. Rusch
John S. Rusch

Appellate Case: 22-2176    Page: 28    Date Filed: 08/17/2022 Entry ID: 5188496